1  DAVID M. STERNBERG (SBN 96107)
   JACOB M. BARLEV (SBN 235439)
2  DAVID M. STERNBERG & ASSOCIATES
   540 Lennon Lane
3  Walnut Creek, CA 94598
   Telephone: (925) 946-1400
4  Facsimile:  (925) 932-6986

5  Attorney for Debtor
   JOSEPH R. GARCIA

The following constitutes the order of the court.
Signed October 23, 2012

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In Re: JOSEPH R. GARCIA, | Case No.: 12-45586 |
| Debtor. | Chapter 13 |
| _____/ | [No Hearing Required] |

## ORDER VALUING LIEN OF SECURED CREDITOR

**TO:  REDEVELOPMENT AGENCY OF THE CITY OF PITTSBURG [ACCOUNT NO. 4-08]**

On July 27, 2012, debtor JOSEPH R. GARCIA ("Debtor") filed a Motion to Value the Claim of secured creditor the Redevelopment Agency of the City of Pittsburg ("Secured Creditor") against the property commonly known as 65 Oakbrook Place, Pittsburg, California 94565, and more fully described in Exhibit "E" to the Declaration of David M. Sternberg in Support of Request for Entry of Default Approving Order on Motion to Value the Claim of Secured Creditor Which Will Form the Basis of Stripping the Lien Upon Discharge, filed on August 20, 2012, as Docket No. 20, which lien was recorded in Contra Costa County on October 2, 2008, as document number DOC-2008-0217142-00 ("Second Lien"); this is the Deed of Trust recorded in second position prior to a Deed of Trust in first position.

The Court finds that notice of the Motion upon Secured Creditor was proper, and that Secured Creditor timely filed opposition to Debtor's motion. Upon Stipulation of the Parties, and for Good cause shown, the Court hereby orders as follows:

1

(1) For purposes of Debtor's Chapter 13 plan only, the current value of Secured Creditor's security interest in the Debtor's real property is $0.00. In accordance with 11 U.S.C. §§506, 1322(b)(2), and 1327, Debtor's Chapter 13 Plan will not treat Secured Creditor's Claim, if any, as secured.

(2) This Order shall become part of Debtor's confirmed Chapter 13 plan.

(3) Upon entry of a discharge or completion of plan payments in Debtor's Chapter 13 case, the Deed of Trust shall be voided, but only insofar as it secures Debtor's personal obligation to repay monies borrowed from Secured Creditor in or around September 2008 or to pay interest on those funds. All other provisions in the Deed of Trust and in the contemporaneous Affordability Restrictions on Transfer of Property, Resale and Refinance Restriction Agreement and Option to Purchase at Restricted Price (the "Affordability Restrictions") including all provisions in the Deed of Trust securing performance of the Affordability Restrictions, will remain enforceable in accordance with their terms. Upon application by the Debtor with notice to Secured Creditor, the court will enter an appropriate form of judgment partially voiding the Deed of Trust as described in this order.

(4) If Debtor's Chapter 13 case is dismissed or converted to one under another chapter before Debtor obtains a discharge or completes plan payments, this Order shall cease to be effective and the Deed of Trust shall be retained to the extent recognized by applicable non-bankruptcy law and, upon application by the lienholder, the Court will enter an appropriate form of order restoring the Deed of Trust.

(5) Except as provided by separate, subsequent Order of this Court, the Deed of Trust may not be enforced so long as this Order remains in effect.

(6) Wells Fargo Bank, N.A., holds a Deed of Trust recorded prior to the Deed of Trust, and this Order does not affect that senior lien of Wells Fargo Bank, N.A.

**END OF ORDER**

## **COURT SERVICE LIST**

*Secured Creditor*
City of Pittsburg Redevelopment Agency
**Attention: Officer**
65 Civic Avenue
Pittsburg, CA 94565-3814

*Secured Creditor*
Wells Fargo Bank, N.A.
**Attention: Officer**
101 N. Phillips Avenue
Sioux Falls, SD 57104